# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS ALBERT RIBAUDO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-2421** |
| **v.** | : | **JUDGE MANNION** |
| **ATTORNEY JOHN PIKE, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

Pending before the court is the report and recommendation of Magistrate Judge Martin C. Carlson which recommends that the plaintiff's complaint be dismissed without leave to amend. (Doc. 5). No objections have been filed to Judge Carlson's report.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, the plaintiff alleges in his complaint that he is a defendant in a

pending state criminal case in the Court of Common Pleas of Luzerne County and was pressured to enter a guilty plea in that case. The plaintiff has filed the instant action against his court-appointed counsel, the district attorney's office, the assistant district attorney prosecuting his case, and the presiding judge in his case. The plaintiff is seeking compensatory and punitive damages, as well as an injunction to "have his day in court". (Doc. 1).

In screening the plaintiff's complaint, Judge Carlson has set forth a number of bases for dismissal: (1) this court should abstain from interfering with on-going state criminal proceedings under the <u>Younger</u> abstention doctrine; (2) the plaintiff may not bring a civil rights action arising out of a state criminal case without first showing that the state case led to a favorable termination for the plaintiff, which the plaintiff in this case has not; (3) the plaintiff may not sue his defense attorney, who is not considered a state actor, under §1983; (4) the presiding judge in the state criminal case is entitled to judicial immunity; and (5) the prosecutors named in the complaint are entitled to prosecutorial immunity. Judge Carlson correctly notes that such flaws cannot be corrected through amendment and, therefore, dismissal should be with prejudice.

This court has reviewed Judge Carlson's report in its entirety and finds no clear error of record. As such, Judge Carlson's report and recommendation will be adopted in its entirety.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the report and recommendation of Judge Carlson, **(Doc. 5)**, is **ADOPTED IN ITS ENTIRETY**;

**(2)** the plaintiff's complaint, **(Doc. 1)**, is **DISMISSED WITH PREJUDICE**; and

**(3)** the Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 23, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-2421-01.wpd